# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THREE RIVERS PROVIDER NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICA'S CHOICE PROVIDER NETWORK, INC., <br><br> Defendant. | Case No. 2:14-cv-00584-APG-GWF <br><br> **ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA** <br><br> (DKT. ##15, 20) |

Defendant America's Choice Provider Network, Inc. moves to transfer this action to the United States District Court for the Southern District of California, to consolidate it with an action already pending there, and to stay the case. Plaintiff Three Rivers Provider Network, Inc. opposes these requests. I grant the motion to transfer the case.

## I. BACKGROUND

Three Rivers alleges that America's Choice was created by Three Rivers' former chief financial officer Todd Breeden; its former information security contractor Jeff Ott; and its former attorney Ronson Shamoun. (Dkt. #1.) Three Rivers alleges that Breeden, Ott, and Shamoun conspired to steal money and trade secrets from Three Rivers to create and benefit America's Choice, a company that would compete with Three Rivers in the relevant market. (*Id.*)

According to the complaint, on Ott's recommendation, Breeden caused Three Rivers to retain Jeff Sodeman on the pretense that Sodeman would perform a technology audit. (*Id.*) But Ott, Breeden, and Shamoun instead used Sodeman's work to steal Three Rivers' proprietary technology. (*Id.*) The complaint also alleges Ott and Shamoun overbilled Three Rivers to create capital funding for America's Choice. (*Id.*) Three Rivers brings claims against America's Choice for declaratory relief regarding the ownership of the trade secrets, civil conspiracy to breach

fiduciary duty, civil conspiracy to convert corporate funds, civil conspiracy to convert corporate property, civil RICO, and unjust enrichment. (*Id.*)

Defendant America's Choice moves to transfer this case to the United States District Court for the Southern District of California under 28 U.S.C. § 1404 and § 1406(a). America's Choice also moves to consolidate this case with another action already pending in that district: *Three Rivers Provider Network, Inc. v. Jett Integration and Jeff Ott*, Case No. 3:14-cv-01092. (Dkt. #15-1.) America's Choice contends the two lawsuits are based on the same factual allegations and thus should be heard by the same court. Another lawsuit is pending in California state court in San Diego County concerning similar facts: *Three Rivers Provider Network, Inc. v. Ronson Shamoun, Todd Breeden, & Law Offices of Ronson Shamoun*, Case No. 37-2012-00090505-CU-BT-CTL. (Dkt. #15-2.) Alternatively, America's Choice requests the court to abstain or stay this case pending resolution of the other two lawsuits. Finally, America's Choice requests a stay in light of criminal charges against Three River's principal Blaine Pollock, and possible criminal charges against Breeden.

Three Rivers opposes each of these requests. Three Rivers argues that both parties are now Nevada corporations with key personnel located in Nevada. Three Rivers also argues its choice of forum should be respected. Three Rivers opposes consolidation with the *Ott* action, contending that the two cases involve different parties, different facts, and different forms of liability. Three Rivers opposes a stay based on the pending or possible criminal charges because neither of the individuals involved is a party in this action and it would result in an indefinite stay of the case. Finally, Three Rivers opposes a stay pending resolution of the other two actions because neither of those actions will resolve its claims against America's Choice.

After briefing was completed on this motion, Three Rivers moved for leave to file a supplement to present a decision by Judge Jeffrey T. Miller, the district judge presiding in the *Ott* litigation, denying a similar request to stay the *Ott* litigation. (Dkt. ##20, 20-1.)

////

////

## II. ANALYSIS

### A. Dismissal for Improper Venue or Transfer under 28 U.S.C. § 1406(a)

Under 28 U.S.C. § 1406(a), a district court may dismiss a case that is filed in an improper venue, or the court may, "in the interest of justice," transfer the case to any district "in which it could have been brought." Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The plaintiff bears the burden of establishing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). In response to a motion to dismiss for improper venue, if the district court does not hold an evidentiary hearing, the plaintiff must make only a prima facie showing of venue. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quotation omitted). I accept as true any uncontroverted allegations in the complaint, and if the parties submit competing evidence I view the evidence in the light most favorable to the plaintiff. *Id.*

America's Choice suggests venue is not proper in this district because it resided in California at the time suit was filed and all of the relevant transactions occurred in California. However, America's Choice presents no evidence about where the relevant transactions occurred. The complaint does not specify where the transactions took place, but it alleges that the conspirators used Nevada bank accounts and Nevada shell corporations in their scheme to funnel assets from Three Rivers, a Nevada corporation, to America's Choice. (Dkt. #1.) Accepting these allegations as true and construing the facts alleged in the light most favorable to Three Rivers, venue is proper in this district under § 1391(b)(2), so I decline to transfer the action under § 1406(a).

**B. Transfer under 28 U.S.C. § 1404(a)**

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." The transferor court may transfer only to a district or division where the action "might have been brought" originally or one "to which all parties have consented." 28 U.S.C. § 1404(a). The transferor court must find both that the action might have been brought in the transferee court and that the parties' and witnesses' convenience, in the interest of justice, favors transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). A suit "might have been brought" in a district if the "plaintiff has a right to sue in that district, independently of the wishes of defendant." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (quotation omitted). The transferee court thus must be a proper venue and have personal jurisdiction over the defendant "when suit was instituted." *Id.* at 343 (quotation omitted); *see also Washington Pub. Util. Group v. U.S. Dist. Ct. for W. Dist. of Wash.*, 843 F.2d 319, 328 (9th Cir. 1987) (stating that "a district court must have both personal jurisdiction over the parties and venue to hear a case").

In determining whether transfer is convenient and in the interests of justice, factors to consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). There is no "exhaustive list of specific factors to consider," and courts "should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (internal quotation marks omitted). "Litigation of related claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results." *Cambridge Filter Corp. v. Int'l Filter Co., Inc.*, 548 F. Supp. 1308, 1310 (D. Nev. 1982). Thus, it is "well established that

1  the existence of a related action pending in the transferee court weighs heavily towards transfer."
2  *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 400-01
3  (E.D.N.Y. 2013).
4       The party seeking the transfer bears the burden of showing transfer is appropriate. *In re*
5  *Apple, Inc.*, 602 F.3d at 913. Whether to transfer lies within the court's discretion. *Ventress v.*
6  *Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).
7       The parties do not dispute this action originally could have been brought in the Southern
8  District of California. When Three Rivers filed suit, America's Choice was a California
9  corporation with its principal place of business in San Diego, California. (Dkt. #1; Dkt. #15-3;
10 Dkt. #15-4.) Venue therefore would have been proper in that district and America's Choice was
11 subject to personal jurisdiction there.
12      The question is whether the convenience of the parties and witnesses, as well as the
13 interests of justice, favor transfer. As to the first factor, it is unclear where any relevant
14 agreements were negotiated and executed because the parties provide no evidence on that point.
15 This factor is neutral.
16      The asserted claims arise under state law. The parties do not engage in a choice-of-law
17 analysis, and it is unclear where each of the alleged acts set forth in the complaint took place. For
18 purposes of this analysis, I will assume that Nevada law would apply to the alleged torts against a
19 Nevada corporation for state law claims brought in Nevada. This court would be more familiar
20 with Nevada law than the Southern District of California. This factor weighs against transfer.
21 Three Rivers' choice of forum in Nevada also weighs against transfer, although I note that Three
22 Rivers chose to initiate a related action in state court in San Diego.
23      America's Choice was a California corporation when this case commenced, but the parties
24 are now both Nevada corporations. (Dkt. #15-3; Dkt. #15-4.) Both parties have Nevada addresses
25 and presumably have relevant records here.[1] At least some of the relevant conduct happened in
26 Nevada because the complaint alleges the conspirators used Nevada bank accounts and Nevada
27
28     [1] Neither party presents evidence on where any records are being kept.

shell corporations to transfer funds from Three Rivers to America's Choice. Thus, the parties' respective contacts with the forum and the contacts relating to Three Rivers' claims in Nevada weigh against transfer.

However, the most compelling factors are the difference in the costs of litigation in the two forums and the possibility of inconsistent results. The *Ott* action is pending in the Southern District of California, and alleges similar conspiracy claims against one of the other alleged conspirators arising out of a common core of facts. (Dkt. #15-1.) Litigating these related claims in the same tribunal would help to avoid duplicitous litigation, reduce costs, and minimize the possibility of inconsistent results. This factor weighs heavily in favor of transfer.

Additionally, the availability of compulsory process to compel attendance of unwilling non-party witnesses weighs in favor of transfer. Based on the evidence before me, non-party Shamoun is subject to compulsory process in the Southern District of California. He is a defendant in the state court case in San Diego, and in that complaint Three Rivers alleges he is a resident of San Diego, California. (Dkt. #15-2.) There is no evidence to suggest he could be compelled to appear in Nevada for a deposition or trial. To the extent Ott qualifies as a "non-party" witness, he too is amenable to compulsory process in the Southern District of California.[2] Additionally, the court and the parties will more easily be able to coordinate discovery if this case is transferred because two of the three cases would be pending before the same tribunal and the other would be pending in a state court located in the same district.

Considering all of these factors, I find America's Choice has met its burden of showing transfer is appropriate for the convenience of the parties and witnesses, and in the interests of justice. I therefore grant the motion to transfer this action to the Southern District of California. I leave it to that court to decide whether to consolidate this case with the *Ott* action and whether a stay is warranted.

---

[2] The parties do not mention Sodeman, but it appears he also would be subject to compulsory process in the Southern District of California. (*See* Dkt. #20-1 (order in the *Ott* action granting leave to add Sodeman as a third party defendant).)

## III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Three Rivers Provider Network, Inc.'s motion for leave to file a supplement **(Dkt. #20) is GRANTED**.

IT IS FURTHER ORDERED that defendant America's Choice Provider Network, Inc.'s motion to transfer **(Dkt. #15) is GRANTED**. This action is transferred to the United States District Court for the Southern District of California.

DATED this 25th day of August, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE